## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARK JON KRATZER,

                              Plaintiff,

vs.

POSTMATES, INC.,

                              Defendant.

CASE NO.:   2:20-cv-6348

**<u>JURY TRIAL DEMANDED</u>**

## <u>COMPLAINT</u>

Mark Jon Kratzer ("Plaintiff" or "Mr. Kratzer") brings this Complaint against Postmates, Inc. ("Postmates" or "Defendant") for actual, statutory, and punitive damages, costs, and attorney's fees, for violations of Pennsylvania's Criminal History Record Information Act ("CHRIA"), 18 Pa. Cons. Stat. §§ 9101 *et seq.* In support of his claims, Plaintiff states as follows:

### <u>INTRODUCTION</u>

1.     Criminal history data records are readily available through public and private providers and, as a result, employers often conduct criminal history record checks on job applicants and perspective hires. A criminal history record report containing prior arrests or convictions can severely hinder a job candidate's current and future employability despite his skill-level and experience in the field. Individuals can and do sustain substantial damage, both economically and emotionally, when employers decline to hire them due to their criminal history record information. A criminal history results in collateral consequences that expand an individual's punishment beyond that originally contemplated by the criminal justice system.

2.      Acknowledging this potential for harm, Pennsylvania law, pursuant to the Criminal History Record Information Act ("CHRIA"), provides important substantive and procedural protections to job applicants with criminal records and limits employers use of criminal history record information when deciding whether to hire a job applicant. Unfortunately, many employers do not comply with the CHRIA.

3.      The CHRIA applies to all Pennsylvania employers that are deciding whether to hire an employment applicant based in whole or in part on the basis of the applicant's criminal history record information. This includes applicants who have been conditionally hired and are being considered for permanent employment.

4.      The CHRIA states that felony and misdemeanor convictions may be considered by an employer *only* to the extent to which the convictions relate to the applicant's suitability for employment in the position for which he or she has applied.

5.      When making hiring decisions, the CHRIA forbids employers from considering arrests, charges, or other engagements with the criminal justice system—including summary offenses (often called "non-traffic citations," which only result in a fine)—that did not result in felony or misdemeanor convictions, when making hiring decisions.

6.      The CHRIA requires that when an employer denies a job application in whole or in part on the basis of criminal history record information, the employer must notify the applicant in writing of the basis for its decision.

7.      Plaintiff has experienced the damage to his reputation and to his ability to earn an income that the CHRIA was designed to prevent. In or about the first week of March 2019, Postmates refused to employ Mr. Kratzer as a Delivery Driver based solely on criminal history

record information in a background check report provided by non-party Checkr, Inc. ("Checkr"), which reported a trespass summary offense unrelated to the driving job for which he had applied.

## THE PARTIES

8.      Plaintiff Mark Jon Kratzer ("Plaintiff" or "Mr. Kratzer") is a 54-year-old male who resides in the City of Hatfield, County of Montgomery, and Commonwealth of Pennsylvania. Mr. Kratzer is a veteran who honorably served his country, and previously worked in the health care industry as a registered nurse. Mr. Kratzer is a job applicant, as defined in the CHRIA, who pursued employment with Postmates in March 2019.

9.      Defendant Postmates Inc. ("Postmates" or "Defendant") is an American company that offers local delivery of restaurant-prepared meals and other goods. Postmates is incorporated in Delaware and its headquarters is located in San Francisco, California. Postmates conducts business in cities nationwide, including its operation in Hatfield, Pennsylvania. Postmates regularly conducts business within Montgomery County, Pennsylvania, providing deliveries of meals and goods within the County boundaries. Acting as an employer, as defined in the CHRIA, Postmates erroneously denied employment to Mr. Kratzer based on information included in his criminal history record information report.

## JURISDICTION AND VENUE

10.     This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 as the matter in controversy exceeds the sum of $75,000.00 and involves citizens of different states.

11.     Venue is proper in this District pursuant to pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## FACTS

12.     Mr. Kratzer has never been arrested or convicted of a felony or a misdemeanor.

13.     Over three years prior to submitting his employment application with Postmates, Mr. Kratzer sought help to overcome his gambling problem. As a part of his treatment, Mr. Kratzer placed himself on the self-exclusion list at the Parx Casino, which is located in Bensalem, Pennsylvania.

14.     On December 4, 2016, while still in recovery and on the Parx Casino self-exclusion list, Mr. Kratzer visited the Sands Casino and Hotel in Bethlehem, Pennsylvania, hit a jackpot, and stayed around to collect it. After collecting the jackpot that he was rightfully entitled to, two security guards approached Mr. Kratzer and escorted him off the premises because, unbeknownst to him, being on the self-exclusion list at Parx Casino also meant that he was excluded from gambling at Sands Casino and Hotel.

15.     Shortly thereafter, Mr. Kratzer was cited with a summary offense, often called a "non-traffic citation," for defiant trespass in Northampton County, Pennsylvania, due to his presence at the Sands Casino and Hotel.

16.     On December 9, 2016, Mr. Kratzer failed to attend his scheduled court appearance to contest the citation and, consequently, the court entered a guilty plea. Thereafter, Mr. Kratzer was ordered to pay a small fine and his summary offense was entered into public record.

17.     Over three years later, in February 2019, Mr. Kratzer submitted a job application to enter into an independent contractor engagement with Postmates for a Delivery Driver position in Montgomery County, Pennsylvania.

18.     The primary job responsibilities of Postmates drivers include picking up restaurant-prepared meals and other goods and delivering them to customers at their assigned destination,

using the Postmates Driver smartphone application ("Postmates Driver App") to locate customers and track their trips, and responding to customer calls and communications.

19.     In or about the week of February 18, 2019, Mr. Kratzer received an email from Postmates, which confirmed receipt of his online application and contained a conditional offer of employment subject to the successful completion of a background check. Postmates contracts with Checkr, Inc., a consumer reporting agency, for the preparation of criminal background check reports ("employment reports") on its prospective employees.

20.     On or about February 27, 2019, Checkr completed Mr. Kratzer's employment report and provided a copy to Postmates.

21.     Postmates became "in receipt" of Mr. Kratzer's criminal history record information, as defined in § 9125(a), when it received Checkr's employment report regarding Mr. Kratzer on February 27, 2019

22.     Checkr's employment report included only two items flagged for consideration. Both the "National Search" and "County Search" categories listed under the Report Summary were marked as "Consider."

23.     Additional items listed in Mr. Kratzer's Checkr employment report—SSN Trace, Sex Offender Search, Global Watchlist Search, and, notably, the Motor Vehicle Report—received green-colored "Clear" designations.

24.     At the top of the first page of the employment report, Checkr listed Mr. Kratzer's overall status as "Consider."

25.     Under the "National Search" and "County Search" categories, which were both flagged as "Consider," Checkr reported the following summary offense record from Northampton County, Pennsylvania:



26.     Pursuant to § 9125(b), employers, like Postmates, may only consider "felony and misdemeanor convictions" when rejecting a job applicant; such employers may never consider summary offenses under Pennsylvania law.

27.     The single summary offense flagged in Mr. Kratzer's employment report does not relate in any way to his suitability for the Postmates Delivery Driver position for which he applied.

28.     On February 27, 2019, Mr. Kratzer received email correspondence from Checkr stating, among other things, the following:

Dear Mark,

The purpose of this email is to notify you that Checkr, Inc., a consumer reporting agency, is reporting public record information that may be adverse about you to Postmates.

29.     On February 28, 2019, Mr. Kratzer received additional email correspondence from

Checkr stating, among other things, the following:

Dear Mark Kratzer,

Thank you for your proposal to enter into an independent contractor engagement with Postmates Inc. ("Postmates"). Postmates is considering rejecting your proposal to enter into an independent contractor engagement with Postmates based in whole or in part on information contained in your screening report, including the following specific items identified in the report prepared by Checkr, Inc.:

- CHARGE: DEF TRES ACTUAL COMMUNICATION TO (STATUTE: 18 ? 3503 ?? B1I) (DISPOSITION: GUILTY PLEA) 12/09/2016

If we decide to reject your proposal, you will receive an additional letter with further information. Enclosed please find a copy of the screening report and information about your legal rights.

30.     On March 10, 2019, Mr. Kratzer received additional email correspondence from

Checkr stating, among other things, the following:

Dear Mark Kratzer,

Thank you for your proposal to enter into an independent contractor engagement with Postmates Inc. ("Postmates"). We are writing to inform you that we have declined your request for an engagement. Checkr, Inc. ("Checkr") provided Postmates with a screening report in connection with your proposal to enter an independent contractor relationship. Postmates' decision to deny your proposal was based in whole or in part on information contained in that screening report.

Checkr is located at One Montgomery Street, Suite 2000, San Francisco, CA 94104 and can be reached at 844.824.3257. Checkr did not make the decision to reject your request for an engagement and cannot provide you with information about Postmates' decision. Any inquiries regarding this action should be directed to the undersigned. You have a right to contact Checkr at any time to dispute any information in the screening report that is inaccurate or incomplete. You should already have received a copy of the screening report, but have a right to obtain additional free copies from Checkr. You have 60 days from the date you receive this notice to request additional free copies of any such reports from Checkr.

Thank you for your interest in Postmates.

Postmates Inc.

31.     Under Pennsylvania law, Postmates's decision to decline Mr. Kratzer's employment application is a "hiring" decision for purposes of the CHRIA.

32.     After receiving Checkr's employment report on February 27, 2019, Postmates willfully decided not to extend Mr. Kratzer an offer of employment solely on the basis of criminal history record information contained in the Checkr employment report.

33.     The above actions and omissions by Postmates violated Pennsylvania law and injured Mr. Kratzer both financially and emotionally.

## CLAIMS FOR RELIEF

### COUNT I
### 18 Pa. Cons. Stat. § 9125(a)
### Violation of § 9125(a) of the Criminal History Record Information Act

34.     Plaintiff re-alleges and incorporates the allegations set forth in Paragraphs 1 through 33 as if fully stated herein.

35.     Mr. Kratzer applied for employment at Postmates.

36.     Postmates willfully decided not to hire Mr. Kratzer based on information that was part of his criminal history record information file.

37.     Mr. Kratzer's summary offense for defiant trespass did not relate to his suitability for employment in the position at Postmates for which he applied.

38.     Mr. Kratzer's summary offense was not a conviction nor was it a misdemeanor or felony offense and, thus, cannot, in whole or in part, legally form the basis for a Pennsylvania employer's decision not to hire him.

39.     Postmates's actions injured Mr. Kratzer.

40.     The CHRIA § 9125(a) states that employers who are in receipt of information which is a part of a job applicant's criminal history record information file may only use such

information for the purpose of deciding whether to hire the applicant in accordance with Section 9125 of the CHRIA.

41.     Consequently, Postmates willfully violated 18 Pa. Cons. Stat. § 9125(a).

### COUNT II
### 18 Pa. Cons. Stat. § 9125(b)
### Violation of § 9125(b) of the Criminal History Record Information Act

42.     Plaintiff re-alleges and incorporates the allegations set forth in Paragraphs 1 through 41 as if fully stated herein.

43.     Mr. Kratzer applied for employment at Postmates.

44.     Postmates willfully decided not to hire Mr. Kratzer based on information that was part of his criminal history record information file.

45.     Mr. Kratzer's summary offense for defiant trespass did not relate to his suitability for employment in the position at Postmates for which he applied.

46.     A summary offense against Mr. Kratzer was not a felony or misdemeanor conviction and, thus, cannot, in whole or in part, legally form the basis for a Pennsylvania employer's decision not to hire him.

47.     Postmates's actions injured Mr. Kratzer.

48.     The CHRIA § 9125(b) prohibits employers from considering information on charges not resulting in convictions in hiring decisions, and permits the consideration of felony and misdemeanor convictions only to the extent to which they relate to the job applicant's suitability for employment in the position for which he applied.

49.     Consequently, Postmates willfully violated 18 Pa. Cons. Stat. § 9125(b).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a) Award injunctive relief, pursuant to 18 Pa. Cons. Stat. § 9183(a), compelling Defendant to discontinue its practice of violating 18 Pa. Cons. Stat. § 9125 in its hiring processes and providing a system to monitor compliance;

b) Award Plaintiff actual and real damages not less than $100 for each of these violations, pursuant to 18 Pa. Cons. Stat. § 9183(b)(2);

c) Award Plaintiff exemplary and punitive damages not less than $1,000 and not more than $10,000 for each of these violations, pursuant to 18 Pa. Cons. Stat. § 9183(b)(2);

d) Award Plaintiff his reasonable costs of litigation and attorneys' fees, pursuant to 18 Pa. Cons. Stat. § 9183(b)(2); and

e) Award Plaintiff any further relief the Court deems just and appropriate.

## **DEMAND FOR JURY TRIAL**

50. Plaintiff demands a trial by jury.

Dated: December 17, 2020                    BERGER MONTAGUE PC

Jacob M. Polakoff, PA Bar No. 204124
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
Fax: (215) 875-4604
Email: jpolakoff@bm.net

Hans W. Lodge, MN Bar No. 0397012*
43 SE Main Street, Suite 505
Minneapolis, MN 55414
Telephone: (612) 607-7794
Fax: (612) 584-4470
Email: hlodge@bm.net

*Pro Hac Vice Forthcoming*

*ATTORNEYS FOR PLAINTIFF*